UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GARY ALEXANDER,

                            Plaintiff,

        v.                                          ORDER
                                                         03-CV-799

CARAUSTAR MILL GROUP, INC.,

                            Defendant.

---

        This case was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1).  On July 13, 2005, defendant filed a motion for summary judgment.  On March 27, 2006, Magistrate Judge Scott filed a Report and Recommendation, recommending that defendant's motion for summary judgment be granted and the complaint dismissed in its entirety.

        Plaintiff filed objections to the Report and Recommendation on May 1, 2006.  Oral argument on the objections was held on August 8, 2006.

        Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a <u>de novo</u> determination of those portions of the Report and Recommendation to which objections have been made.  Upon a <u>de novo</u> review of the Report and Recommendation, and after reviewing the submissions and hearing argument

from the parties, the Court adopts the proposed findings of the Report and Recommendation.[1]

Accordingly, for the reasons set forth in Magistrate Judge Scott's Report and Recommendation, defendant's motion for summary judgment is granted and the complaint is dismissed.  The Clerk of Court is directed to take all steps necessary to close the case.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 11, 2006

---

[1] Plaintiff devotes considerable attention in his objections to the issue of whether his supervisor, Earl Stecker, was aware of plaintiff's medical condition.  The Court finds it unnecessary to address this issue because, assuming arguendo that Stecker did have knowledge of the plaintiff's medical condition, the plaintiff has failed to provide any evidence suggesting that this fact played a role in the decision to terminate him.  Plaintiff proffered no evidence, other than his own conclusory and unsubstantiated allegations, to support his allegations of discriminatory termination.

2